IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,171-01




EX PARTE RUSSELL LYNN STRACENER, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 0719499 IN THE 8TH JUDICIAL DISTRICT COURT
FROM HOPKINS COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to injury to a child
in exchange for five years’ deferred adjudication community supervision. His guilt was later
adjudicated, and he was sentenced to twelve years’ imprisonment. 
            Applicant contends, inter alia, that he was denied due process when the Board of Pardons
and Paroles advised him that his release on parole would be subject to sex offender conditions,
although he was not convicted of a sexual offense. The record reflects that Applicant was provided
with written notice of the possibility of sex offender conditions, and of his right to submit a
statement and documentation on his own behalf to give reason why the sex offender conditions
should not be imposed on March 17, 2009. However, the habeas record does not contain any further
information regarding whether Applicant was provided with disclosure of the evidence being
presented against him; a hearing at which Applicant was permitted to be heard in person, present
documentary evidence, and call witnesses; the right to confront and cross-examine witnesses, unless
good cause is shown why this right should not be granted; an impartial decision maker; and a written
statement by the factfinder as to the evidence relied on and the reasons it attached sex offender
conditions to his parole. Meza v. Livingston, 2010 U.S. App. LEXIS 10321, 50-51 (5th Cir. Tex.
May 20, 2010).
            Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether ever been convicted of a sex offense. 
If he has not been convicted of a sex offense, the trial court shall make findings as to whether
Applicant has been provided with disclosure of the evidence being presented against him; a hearing
at which Applicant was permitted to be heard in person, present documentary evidence, and call
witnesses; the right to confront and cross-examine witnesses, unless good cause is shown why this
right should not be granted; an impartial decision maker; and a written statement by the factfinder
as to the evidence relied on and the reasons it attached sex offender conditions to his parole. If
Applicant was released to parole, the trial court shall make findings as to whether sex offender
conditions were imposed. The trial court shall make findings as to whether Applicant was provided
with the due process required by Meza in the determination of whether sex offender conditions
would be imposed as a condition of his parole. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: August 25, 2010
Do not publish